CIACCO, Judge,
dissenting.
I respectfully dissent.
I agree with the reasons expressed in the dissent of Commissioner Horace A. Thompson, III, wherein he stated:
Comments: No promulgated rule was violated. The precedence of Council approval of Commission action with respect to hours of work was not followed. When the Commission proposed a 40 hour workweek, the Council rejected the Commission’s proposal and proposed the current workweek be maintained, then the Commission resolved to follow the Council’s recommendation, but the Council failed to ratify.
Article X, Section 10(A)1 of the Louisiana Constitution of 1974 grants to the Civil Service Commission broad rule-making authority, including the authority to adopt *799 rules regarding rates of pay and the minimum number of hours in a standard work week. However, Article X, Section 10(C) provides that a rule or determination affecting wages and hours has the effect of law only after approval by the New Orleans City Council.
Before taking action to adopt a uniform work week schedule, the Sewerage & Water Board, on April 18, 1988, requested the Civil Service Commission to advise it if the proposed action would be in violation of any specific Civil Service rule or regulation. The reply of the Civil Service Commission director dated July 26, 1988 failed to cite' any rule or regulation that prohibited the proposed action. Instead he cited the results of a survey his department conducted which showed a disparity of work weeks, i.e., 35 hour or 40 hour work week, throughout City government and the opinion of unnamed parties that the proposed action of the Sewerage & Water Board would be unwise. Finally the Director quoted the Commission as disapproving the Sewerage and .Water Board’s request at this time while suggesting that it would be more appropriate in conjunction with a pay plan revision.
The Commission’s own survey established that neither the 35 hour work week nor the 40 hour work week was standard in City government, as both were being used by various City government departments with the difference being in favor of those employees working in City Hall. Under these circumstances it historically had been left to the discretion of each department to designate its own work week and the Commission had done nothing to interfere with that inequitable practice.
It is apparent from the record that the Civil Service Commission never adopted a rule specifying the standard work week for any City department including the Sewerage & Water Board. If such a rule existed it should have been cited to the Sewerage & Water Board and they would have been obliged to follow it. Civil Service rules only have the force of law when they are implemented in accordance with the Louisiana Constitution, that is, adopted by the Commission in written form, submitted to the City Council for its approval and finally approved by the City Council. If any one of these steps is omitted the “rule” does not have the force of law. Custom or past practices can never ascend to the status of a Civil Service rule as this would be a subversion of the constitutional mandate.
I find that the Sewerage & Water Board had the authority to adopt the resolution of August 10, 1988 mandating all of its employees to work a minimum 40 hour work week beginning on Monday, August 29, 1988. I further find that no Civil Service rule exists which would prohibit the Board from exercising its discretion to adopt a standard 40 hour work week for all its employees.
Accordingly, and for the above reasons, I would reverse the judgment of the Civil Service Commission and would dismiss petitioner’s appeals.